IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAREN GALLAGHER a/k/a KAREN SCHMITZ | § § § § | |
| | § | CIVIL ACTION NO. 5:20-cv-00072 |
| VS. | § § | |
| GEORGE E. LUCAS, JR. | § § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES COURT:

NOW COMES **Karen Gallagher a/k/a Karen Schmitz**, hereinafter referred to as "Plaintiff", complaining of **George E. Lucas, Jr.**, hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court and jury as follows:

### A.
### PARTIES

1. Plaintiff, **Karen Gallagher a/k/a Karen Schmitz,** is a resident of the State of Texas and resides in San Antonio, Bexar County, Texas.

2. Defendant, **George E. Lucas, Jr.**, is an individual and a resident of Monroe, Ouachita Parish, Louisiana, whose principle resident address is 2300 Rosedale Drive, Monroe, Louisiana 71201. Defendant, **George E. Lucas, Jr.**, may be served with process at the following address, or wherever he may be found:

> **George E. Lucas, Jr.**
> **2300 Rosedale Drive**
> **Monroe, LA 71201.**

### B.
### JURISDICTION AND VENUE

3. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the suit is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and cost.

4. Venue is proper in the Western District of Texas, San Antonio Division, in that the events or omissions giving rise to the claim occurred in Guadalupe County, Texas.

## C.
## FACTS

5. On or about November 26, 2018, at approximately 2:55 PM, Plaintiff, **Karen Gallagher a/k/a Karen Schmitz**, was a front seat passenger in a 2015 Lexus LS 460 being operated by her husband, in a reasonably prudent manner traveling in the westbound left lane on IH-10 in Seguin, Guadalupe County, Texas. The vehicle Plaintiff was riding in as well as all other traffic was slowing down due to congestion on the road. Suddenly, and without warning, Defendant, **George E. Lucas, Jr.**, who was operating a 2014 Chevrolet K1500 Pickup Truck traveling westbound on IH-10 at a high rate of speed while racing another driver, violently collided with the vehicle in which Plaintiff was a passenger. Defendant, **George E. Lucas, Jr.** was cited for "fail to control speed". Because of Defendant's negligence, Plaintiff, **Karen Gallagher a/k/a Karen Schmitz**, sustained serious bodily injuries and damages as more fully described hereinafter.

6. Plaintiff would show that the above described collision and the resulting injuries and damages were brought about and caused to occur directly and proximately by the negligence of the Defendant.

## D.
## NEGLIGENCE

7. Plaintiff would further show unto this Honorable Court that Defendant, **George E. Lucas, Jr.**, was operating the 2014 Chevrolet K1500 Pickup Truck in question in a negligent manner. Specifically, Defendant, **George E. Lucas, Jr.**, had a duty to exercise ordinary care in the operation of the 2014 Chevrolet K1500 Pickup Truck in question and breached that duty in one or more of the following respects:

    a. driver inattention;

    b. failing to control speed;

    c. failing to control his vehicle in a safe manner;

    d.    failing to keep a proper lookout as a person using ordinary care would have kept under the same or similar circumstances;

    e.    failing to timely apply his brakes in order to avoid the collision;

    f.    driving negligently;

    g.    driving his vehicle at a rate of speed greater than that which an ordinary prudent person would have driven under the same or similar circumstances; and

    h.    in violation of Texas Transportation Code § 545.40, by driving his vehicle in willful or wanton disregard for the safety of persons and property.

8. Plaintiff would show each of the above acts and omissions, whether singularly or in combination with others, constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

## E.
## DAMAGES

9. Plaintiff alleges that as a direct and proximate result of the acts and/or omissions on the part of Defendants, Plaintiff sustained severe and permanent bodily injuries and is entitled to recover the following legal damages:

    a.    past and future physical pain and suffering;

    b.    past and future mental anguish;

    c.    past and future physical impairment; and

    d.    past and future medical expenses.

10. Plaintiff would demonstrate that the foregoing damages were the proximate result of the wrongdoing of the Defendant, and/or in an amount in excess of the minimum jurisdiction of this Court.

11. Plaintiff seeks pre-judgment interest and post-judgment interest as allowed by law.

## F.
## JURY DEMAND

12. Plaintiff demands a trial by jury of all issues triable of right.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, that this case be set down for a trial by a jury, and that Plaintiff have judgment against Defendant for their actual damages in such amount as the evidence may show and the jury may determine proper, together with pre-judgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted:

THE BATES LAW FIRM
630 Broadway Street
San Antonio, Texas 78215
(210) 226-3777 Telephone
(210) 226-3786 Facsimile

BY: _____
HARRY S. BATES
State Bar No. 01903900
Federal ID No. 13582
Email: hb@harrybateslaw.com

ATTORNEYS FOR PLAINTIFF