IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAREN GALLAGHER, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-00072-FB |
| | § | |
| vs. | § | |
| | § | |
| GEORGE E LUCAS JR, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant's Motion to Dismiss for Failure to State a Claim for Gross Negligence [#26]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5], and the undersigned has authority to enter a recommendation as to Defendants' Motion for Summary Judgment pursuant to 28 U.S.C. § 636(b)(1)(B).

On September 22, 2020, Defendant filed a motion to dismiss. The Court reviewed the motion and determined that Defendant's arguments were more properly raised in a motion for summary judgment, not a motion to dismiss. As such, the undersigned converted Defendant's motion to dismiss into a motion for summary judgment under Rule 12(d) and allowed additional time for the parties to supplement their briefing and submit evidence [#35]. Plaintiff filed Supplemental Briefing [#40]; Defendant did not.

In reviewing Defendant's motion, the undersigned has therefore considered Plaintiff's Response [#29], Defendant's Reply [#34], and Plaintiff's Supplemental Briefing [#40]. Having considered the written filings before the undersigned, the record in this case, and the governing

1

law, the undersigned will recommend that Defendant's motion for summary judgment on Plaintiff's gross negligence claim [#26] be **DENIED.**

## I. Background

This lawsuit arises out of a motor-vehicle accident occurring on November 26, 2018 on Interstate 10 ("I-10") in Seguin, Texas.  (Am. Compl. [#17] at ¶ 5.)  Plaintiff Karen Gallagher a/k/a Karen Schmitz filed this lawsuit on January 17, 2020 against Defendant George E. Lucas, Jr., alleging various theories of negligence related to the accident.  According to the Amended Complaint before the Court, Plaintiff was a passenger in a vehicle struck by Defendant's vehicle and suffered severe and permanent bodily injuries from the collision  Plaintiff alleges that Defendant was travelling "at a high rate of speed while racing another driver" and "violently" collided with the vehicle in which Plaintiff was a passenger.  (*Id*.)  Defendant now moves for summary judgment on Plaintiff's gross negligence claim, arguing that Plaintiff fails to state this cause of action as recognized under Texas law.  (Def. Motion [#26] at 2.)

## II. Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

### III. Summary Judgment Record

Construing the evidence most favorably to the non-movant Plaintiff, the summary judgment record establishes the following.

It is undisputed that on November 26, 2018 at approximately 2:55pm, Plaintiff was a front seat passenger in a 2015 Lexus LS 460 being operated by her husband and traveling in the westbound left lane on I-10 in Sequin, Texas. (Am. Compl. [#17] at ¶ 5; Def. Answer [#23] at ¶ 5.) Defendant was driving a 2014 Chevrolet 1500 pickup truck westbound on I-10 and struck Plaintiff's vehicle from the rear. (Am. Comp. [#17] at ¶ 5; Def. Motion to Dismiss [#26] at 1.)

That same day, an officer from the Texas Department of Public Safety investigated the collision. In the report, the officer concluded that, as other vehicles on I-10 were slowing down

due to traffic congestion, Defendant was traveling "at a high rate of speed," and he "could not stop in time to prevent" the collision. (DPS Report [#29-1] at 2.)

On September 10, 2020, Denver Headings-Cantu, witness to the collision, testified in a deposition. (Cantu Dep. [#29-2].) Ms. Cantu testified that she saw Defendant's vehicle and a black SUV driving aggressively on I-10, weaving through and tailgating other vehicles. (*Id*. at 11.) She said that the two vehicles were traveling very close to each other "as if they were trying to get in front of one another." (*Id.* at 14.) Ms. Cantu testified that she was driving 83 m.p.h. and because Defendant's vehicle and the black SUV were going much faster than her vehicle, she estimated they were traveling at 100 m.p.h. (*Id*.) She said that Defendant's vehicle and the black SUV did not pass her car "nicely" but that "it was a jerk and like gas to the floor type of situation." (*Id.* at 15.)

On June 24, 2020, Dr. Eric Moody, an accident reconstruction expert, issued a report on this collision. (Dr. Moody Report [#29-3].) Dr. Moody inspected Defendant's vehicle on May 1, 2020 and conducted a scene investigation on May 13, 2020. (*Id.* at 3.) He reviewed the Bosch Crash Data Retrieval (CDR report) generated with the Airbag Control Module (ACM) data downloaded from Plaintiff's vehicle. (*Id*.) Dr. Moody reported that Plaintiff's vehicle decelerated from 74.6 m.p.h. to 36 m.p.h. 4.9 seconds prior to being struck by Defendant's vehicle. (*Id.* at 6.) He reported that this was "moderate braking." (*Id*.) As a result of the crash, the post-impact speed of Plaintiff's vehicle was 52 to 53 m.p.h. (*Id*.) Dr. Moody's reconstruction, using the principal of Conservation of Linear Momentum, indicated that Defendant's vehicle was likely traveling at a speed of 68 m.p.h. when it struck Plaintiff's vehicle. (*Id*.) Dr. Moody reported that Plaintiff vehicle's brake time "should have provided [Defendant] ample time to detect, perceive, and react to the slowing vehicles ahead. The fact

4

that [Defendant's] vehicle struck the rear of [Plaintiff's] vehicle while still traveling at [] 68 m.p.h. indicates that [Defendant] had decelerated little, if any, prior to impacting the rear of [Plaintiff's] vehicle." (*Id.*)  Dr. Moody also reported that the driver of Plaintiff's vehicle did not cause or contribute to the collision in any way. (*Id.* at 7.)

On October 23, 2020, Moe Sanchez, a truck driver who witnessed the collision, testified in a deposition. (Sanchez Dep. [#40-1].)  Mr. Sanchez testified that he was traveling between 70 and 75 m.p.h. when Defendant passed him on the right and nearly "clipped [Sanchez's] front bumper" at what Mr. Sanchez estimated was over 100 m.p.h. (*Id.* at 10.)  He testified that Defendant and another SUV were bobbing and weaving in and out of traffic. (*Id.*)

## IV. Analysis

The evidence in the record generates material issues of fact that preclude granting Defendant's motion for summary judgment on Plaintiff's gross negligence claim.  Plaintiff alleges that Defendant was grossly negligent in the operation of his vehicle before and during the collision of his vehicle into Plaintiff's vehicle on November 26, 2018. (Am. Compl. [#17] at ¶ 5.)  Defendant contends that Plaintiff cannot establish her claim of gross negligence against Defendant as a matter of law.  The undersigned disagrees.

Texas law governs this diversity action. *R & L Inv. Prop., L.L.C. v. Hamm*, 715 F.3d 145, 148–49 (5th Cir. 2013).  Under Texas law, a plaintiff is entitled to punitive damages upon a showing of gross negligence. *Hansen v. Johns-Manville Prod. Corp.*, 734 F.2d 1036, 1040 (5th Cir. 1984).  To prevail on his claim of gross negligence against Defendant, Plaintiff must prove both an objective and subjective component of her claim: (1) that viewed objectively from the standpoint of Defendant at the time of the events underlying this suit, the act or omission of Defendant involved an extreme degree of risk, considering the probability and magnitude of the

potential harm to others; and (2) that Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  *See* Tex. Civ. Prac. & Rem. Code § 41.001(11); *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

Under the objective component, "extreme risk" is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury.  *U–Haul Int'l,* 380 S.W.3d at 137 (citations omitted).  The objective prong (the degree of risk) is viewed from the time of the accident, not in hindsight.  *See N. Am. Van Lines, Inc. v. Emmons*, 50 S.W.3d 103, 128 (Tex. App.—Beaumont 2001, no pet.).

As to the subjective component, an act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent.  *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994), *superseded by statute on other grounds as stated in U-Haul Int'l,* 380 S.W.3d 118. Only if the defendant's act or omission is unjustifiable and likely to cause serious harm can it be grossly negligent, i.e., the situation must be "highly dangerous."  *Id.*; *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993).  Thus, a party cannot be liable for gross negligence when it actually and subjectively believes that circumstances pose no risk to the injured party, even if he or she is wrong.  *U–Haul Int'l,* 380 S.W.3d at 141 (citation omitted).  A defendant's subjective mental state can be proven by direct or circumstantial evidence.  *Moriel*, 879 S.W.2d at 23.

Plaintiff must prove these elements by clear and convincing evidence.  *Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 166 (Tex. 2005).  The "clear and convincing" burden "means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  Tex. Civ.

Prac. & Rem. Code § 41.001(2).  This is a high burden, as "punitive damages are proper only in the most exceptional cases."  *Moriel*, 879 S.W.2d at 18.

Defendant contends that there is no evidence in the record of any objectively extreme degree of risk or of Defendant's subjective awareness of such risk, such as evidence of drinking, drug abuse, perception of pedestrians in the area, or driving on the sidewalk.  (Def. Motion [#26] at 4–5, 8–9.)  Plaintiff responds that Defendant was traveling at a high rate of speed, estimated 100 m.p.h., weaving in and out of traffic, and cutting off other vehicles including an 18-wheeler leading up to and at the time of the accident, and this posed an extreme degree of risk to which Defendant was consciously indifferent.  (Pl. Response [#29] at 2–3, 9–10.)

"Texas courts have repeatedly made clear that whether a driver is operating a car or truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence."  *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016) (collecting cases).  There must be some additional act giving rise to an "extreme degree of risk" to harm.  *U–Haul Int'l*, 380 S.W.3d at 137.  Texas courts have found evidence of excessive speed to support a finding of gross negligence when taken together with other circumstances such as failure to keep control, mechanical defects, known traffic hazards, driving in a residential or heavily populated area, and poor visibility.  *See Brown v. Powell*, 508 S.W.2d 691, 692 (Tex. App.—Houston [14th Dist.]), *writ ref'd n.r.e.*, 515 S.W.2d 901 (Tex. 1974) (citing *McPhearson v. Sullivan*, 463 S.W.2d 174 (Tex. 1971); *Harbin v. Seale*, 461 S.W.2d 591 (Tex. 1970); *Fancher v. Caldwell*, 314 S.W.2d 820 (1958)).

Defendant relies on *Medina v. Zuniga*, 593 S.W.3d 238 (Tex. 2019) for his argument that his conduct prior to and during the collision does not meet the high bar required to prove gross negligence.  In *Medina*, the defendant driver was driving out of the parking lot of his high school

7

and into the public street.  *Id.* at 242.  The defendant accelerated rapidly through the parking lot, reaching 24 m.p.h., which the reconstructionist testified meant he must have pressed the accelerator almost to the floor.  *Id.*  The defendant decreased his speed to 19 m.p.h. as he approached the turn to the public street, where he did not stop, only looked left, and started to exit.  *Id*.  He struck the plaintiff who was walking across the exit driveway from the defendant's right.  *Id.*  A jury found the defendant grossly negligent, and the Fourth Court of Appeals affirmed.  *Id.* at 241.  But the Texas Supreme Court reversed the jury verdict, finding there was not sufficient evidence to support a finding against the driver on the objective component of gross negligence.  The Supreme Court held that this was a "garden-variety" car accident where the plaintiff failed to drive at a safe speed and failed to look both ways before exiting a parking lot.  *Id.* at 250.  The Supreme Court noted that there were few pedestrians present in the parking lot at the time of the accident and that there was no posted speed or stop sign.  *Id.* at 249.  While the Supreme Court noted that the driver's behavior was clearly irresponsible and negligent, it did not involve the requisite "extreme risk."  *Id.* at 250.

Judges in this Court and sister districts have held that, for a plaintiff's gross negligence claim to survive a defendant driver's motion for summary judgment, the driver's actions must be considerably more extreme than failing to obey traffic laws, often involving multiple conscious acts or omissions.  *See e.g., Fernandez v. Transport Designs, Inc.*, No. SA-16-CA-022-OLG, 2017 WL 1294556, *4 (W. D. Tex. Feb. 28, 2017); *Perez Librado v. M.S. Carriers, Inc.*, No. Civ.A.3:02-CV-2095-D, 2004 WL 1490304, *3 (N.D. Tex. June 30, 2004).  In *Perez Librado*, the defendant driver of an 18-wheeler collided with the plaintiffs after running a stop sign while driving at 56 to 58 m.p.h. and looking at a road map instead of the road.  2004 WL 1490304, at *1.  Expert testimony found that the defendant had 14 to 20 seconds during which he could have

responded to several visual cues that indicated the approaching intersection. *Id.* The Court denied defendant's motion for partial summary judgment on gross negligence, findings that there was sufficient evidence to avoid summary judgment. *Id.* at *6. In *Fernandez*, the defendant driver, in heavy traffic, rear-ended the plaintiff's vehicle because he did not maintain proper look out prior to the accident, failed to apply his breaks to avoid the collision, and failed to maintain an appropriate distance. 2017 WL 1294556, at *4. The Court denied defendant's motion for summary judgment on the plaintiff's gross negligence claim, finding that the defendant's multiple conscious acts or omissions were genuine issues of material fact as to whether the defendant's conduct rose to the level of gross negligence that can only be resolved by a jury. *Id.*

The evidence here stands in contrast to the evidence deemed insufficient in *Medina*. Defendant did not only fail to drive at a safe speed, there is evidence he reached speeds as high as 100 m.p.h. on a well-trafficked highway, weaving in and out of traffic, and tailgating other cars, including 18-wheelers. Defendant's acts go beyond merely failing to obey traffic laws, he committed multiple conscious acts of extreme conduct, more similar to the situations in *Perez Librado* and *Fernandez*.

Driving at extremely high speeds on highways can lead to fatalities and serious injuries, especially in traffic, and thus a jury could conclude the objective component was satisfied. There is also sufficient evidence to allow a jury to conclude that Defendant had subjective, actual awareness of the risk but was consciously indifferent to the risk. Ms. Cantu and Mr. Sanchez testified that Defendant was driving around 100 m.p.h. and weaving in and out of cars on a highly trafficked highway. Dr. Moody reported that Defendant's vehicle was likely traveling at 68 m.p.h. when it struck Plaintiff's vehicle and that the Plaintiff's vehicle's brake time should have provided Defendant ample time to detect and react to the slowing vehicles ahead. An

officer from the Texas Department of Public Safety also concluded that Defendant was traveling at a high rate of speed and could not stop in time as the cars on the highway were slowing due to traffic congestion. Given the foregoing, material issues of fact preclude awarding summary judgment to Defendant on Plaintiff's claim of gross negligence.

## VI.  Conclusion and Recommendation

Having considered Defendant's motion, the response and reply thereto, the evidence before the Court, and governing law, the undersigned recommends that the Motion for Summary Judgment on Plaintiff's Claim for Gross Negligence [#26] filed by Defendant George E. Lucas Jr., be **DENIED**.

## VII.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to

file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of December, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE